UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AENERGY, S.A.**,<br><br>                    Plaintiff,<br><br>          v.<br><br>**REPUBLIC OF ANGOLA**, *et al.,*<br><br>                    Defendants. | Case No. 1:22-cv-02514 (TNM) |

**ORDER**

Recently, the Court dismissed without prejudice Aenergy's breach of contract claim against the Republic of Angola and associated state entities (Angolan Defendants) on issue preclusion and *forum non conveniens* (FNC) grounds. Aenergy now moves for reconsideration of that decision, asserting that (1) the Court overlooked certain evidence, (2) new material evidence has surfaced since the Court ruled, and (3) the Court did not hold the Angolan Defendants to their burden on FNC. The Court concludes that it did not overlook any evidence and that the newly presented evidence does not alter its issue preclusion analysis. Because issue preclusion is an independent basis for dismissal, the Court does not reach Aenergy's argument that the Angolan Defendants failed to meet its burden on FNC.

I.

The Court has already recounted the facts here. *See* Mem. Op. at 1–5. Put briefly, Aenergy inked several contracts with Angola to construct, operate, and maintain power plants. *See* Amended Compl. ¶¶ 36–38, ECF No. 22. Angola allegedly terminated these contracts. *Id*.

¶¶ 52–54. Aenergy now seeks damages resulting from the Angolan government's alleged failure to pay for work performed and materials provided under these contracts. *Id*. ¶ 76.

The central issue here has now been litigated repeatedly. First, Aenergy challenged the termination of these contracts in Angola, where an appeal remains pending before the Angolan Supreme Court. Amended Compl. ¶ 57. Aenergy then sued in the Southern District of New York, which dismissed the case on FNC grounds. *Aenergy, S.A. v. Rep. of Angola* (*Aenergy I*), 20-cv-3569, 2021 WL 1998725 (S.D.N.Y. May 7, 2020). The Second Circuit affirmed. *Aenergy, S.A. v. Rep. of Angola* (*Aenergy II*), 31 F.4th 119, 124 (2d Cir. 2022). Finally, Aenergy sued the same Angolan Defendants here, and this Court dismissed the complaint without prejudice on issue preclusion and FNC grounds. *Aenergy, S.A. v. Rep. of Angola*, 22-cv-02514, 2023 WL 4075627 (D.D.C. June 20, 2023) (*Aenergy III*).[1]

## II.

Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend a judgment" within 28 days after a court enters judgment. *See* Fed. R. Civ. P. 59(e). Granting such motions "lie[s] within the discretion of the Court." *Mercy Gen. Hosp. v. Azar*, 410 F. Supp. 3d 63, 70 (D.D.C. 2019). But such motions are "disfavored," and the movant "bears the burden of establishing extraordinary circumstances warranting relief from a final judgment." *Id*. This Court need not grant such a motion unless there is an intervening change in controlling law, new evidence, clear error, or a need to prevent manifest injustice. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). And a Rule 59(e) motion neither provides a chance "to reargue

---

[1] Aenergy has also unsuccessfully sued GE and its subsidiary, GE Capital EFS Financing, in the District of Connecticut over the same underlying contract dispute. *See Aenergy, S.A. v. GE Cap. EFS Fin., Inc.*, No. 3:22-CV-1054 (JAM), 2023 WL 4677068 (D. Conn. July 21, 2023) (dismissing on FNC grounds).

facts and theories" previously litigated, nor "is it a vehicle for presenting theories or arguments that could have been advanced earlier." *Rann v. Chao*, 209 F. Supp. 2d 75, 78 (D.D.C. 2002).

In its Rule 59(e) Motion, Aenergy makes three arguments for reconsideration. First, it contends that the Court overlooked evidence postdating the SDNY decision that shows the Angolan judiciary has deprived it of due process. Second, it presents recently obtained evidence supposedly demonstrating that the subject matter of this dispute cannot be litigated in Angola. Last, it argues that the Court failed to hold the Angolan Defendants to their burden of proving that Angola is an adequate alternative forum, and that the location of witnesses favors hearing of the dispute in Angola. *See* Pl.'s Mot. for Recon. (MFR) at 1–2, ECF No. 51. The Court addresses each argument in turn.

### A.

Consider Aenergy's argument that the Court overlooked evidence showing that Angola's courts violate due process and thus are not an adequate alternate forum. MFR at 2–4.

In SDNY, Aenergy presented evidence that an Angolan court oversaw an *ex parte* procedure transferring Aenergy property to a trustee. *Aenergy I*, 2021 WL 1998725, at *13. The district court concluded, however, that this seizure did not render Angola's judicial system inadequate. *Id*. The Second Circuit affirmed. *Aenergy II*, 31 F.4th at 128. Addressing Aenergy's argument that the seized turbines are now being used by state-owned power companies, the Second Circuit concluded that this "suggests at most that the Angolan court's trustee has failed to fulfill its obligations" and that there is "no evidence that Angola's courts cannot . . . address this asserted failure." *Id*. at 132.

Aenergy now contends that, after the SDNY dismissal, more turbines were seized *ex parte* from Aenergy and transferred to MINEA, the state utility, which installed them in one of its power plants. Amended Compl. ¶ 60. In support of this claim, Aenergy cites its own Amended Complaint and a declaration in which the Angolan Defendants' counsel admits that the trustee permitted the state utility to use the turbines to "avoid dissipation and waste" but denies that the state utility took "permanent possession or title." Decl. of Henrique Abecasis (Abecasis Decl.) ¶¶ 3–6, ECF No. 54. While this transfer may have postdated the SDNY case, Aenergy has not shown how this *ex parte* transfer is different from the one that SDNY concluded (and the Second Circuit affirmed) did not violate due process. *Aenergy I*, 2021 WL 1998725, at *13; *Aenergy II*, 31 F.4th at 132. Even assuming the trustee's transfer of the turbine was unlawful, Aenergy has not explained why "Angola's courts cannot in appropriate circumstances address this asserted failure." *Aenergy II*, 31 F.4th at 132. Because Aenergy merely repeats a previously litigated theory, the Court continues to find Aenergy's due process argument barred by issue preclusion. *See Aenergy III*, 2023 WL 4075627, at *5.

### B.

Consider now Aenergy's argument that newly discovered evidence warrants reconsideration. MFR at 4–6.

Before both SDNY and the Second Circuit, Aenergy argued that Angolan courts did not provide an adequate alternative forum because they would not permit it to seek breach of contract damages. *See Aenergy I*, 2021 WL 1998725, at *12–13; *Aenergy II*, 31 F.4th at 131. But the Second Circuit concluded that, even if Aenergy "cannot recover damages on its breach of contract claim against Angola, it has sought equitable contract remedies in Angola, allowing the Angolan court to address the essential subject matter of the dispute." *Aenergy II*, 31 F.4th at

4

131. Considering the same argument, this Court explained that "Aenergy cannot avoid the holding of *Aenergy II*," which "relied on Aenergy's pursuit of equitable remedies in finding that Angolan courts could address the essential subject matter of the dispute." *Aenergy III*, 2023 WL 4075627, at *7. Because *Aenergy II* necessarily determined that Angolan courts provided an adequate forum for its breach of contract claims, Aenergy was precluded from relitigating that issue before this Court. *Id*.

Despite all this, Aenergy now doubles down on its argument that Angolan courts do not provide an adequate forum. As new proof of inadequacy, Anergy points to court documents in which the Angolan government argued that Aenergy could not seek the equitable remedy of reinstatement in Angolan courts when it had conceded the termination of the disputed contracts by seeking damages in SDNY. *See* Decl. of Kevin D. Benish (Benish Decl.), Ex. A, at ¶64, ECF No. 51-1 (asserting that Aenergy's damages claims were "distinct from th[e] appeal" before the Angolan Supreme Court and "completely incompatible with it.").[2] Yet this new evidence proves little. Whether Aenergy may have forfeited certain arguments in Angolan courts by making contradictory arguments in SDNY does not bear on the ultimate adequacy of the alternate forum. Since this new evidence does not undermine the conclusion that Angolan courts "permit[] litigation of the subject matter of the dispute," *Aenergy II*, 31 F.4th at 130, the Court will not reconsider its issue preclusion holding.

## C.

Lastly, Aenergy argues that the Court did not hold the Angolan Defendants to their burden of showing that Angola is an adequate alternative forum, and that the location of

---

[2] Though this court filing is dated April 14, 2021, it was not served on Aenergy in June 2023. Benish Decl., Ex. A at 1–2.

witnesses favors hearing of the dispute in Angola. Because issue preclusion provides an independent basis for dismissal, the Court will not address arguments for reconsidering its alternative dismissal on FNC grounds. *See Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005) (explaining that courts have discretion to determine "whether reconsideration is necessary under the relevant circumstances").

### III.

For these reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration is DENIED.

Dated: October 27, 2023                                           TREVOR N. McFADDEN, U.S.D.J.